IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 4:92cr4013-WS
Case No. 4:04cv382-WS/WCS

MICHAEL MORGAN,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON AMENDED § 2255 MOTION

This cause is before the court on Defendant Michael Morgan's amended motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.  Doc. 1626.

Defendant was previously advised that if he wished to file a § 2255 motion, later motions might be subject to limitations on successive motions and there is a one year limitations period for filing.  Doc. 1622, p. 2, *citing* 28 U.S.C. § 2244 and 2255.  Defendant then filed a § 2255 motion with memorandum, and was directed to file an amended motion.  Docs. 1622 and 1625.  The order directing amendment advised Defendant that his motion must include specific grounds and supporting facts on the § 2255 motion form itself, that the amended motion must be filed in its entirety, and that matters not included in the amended motion would be deemed abandoned.  Doc. 1625.

Defendant filed the amended motion now before the court last October.  The motion was not served upon the Government, and the file was set aside awaiting a ruling in Booker (discussed ahead).  Unfortunately this motion has been overlooked since that time through no fault of Defendant.

Defendant raises three grounds in support of his § 2255 motion, addressed separately below.  Doc. 1626, pp. 3-4 (requesting an evidentiary hearing as ground four).  Even going by the earliest possible filing date of his attempt to seek § 2255 relief, July 23, 2004,[1] this § 2255 proceeding should be summarily dismissed as untimely.

There is a one year time limit for filing a § 2255 motion, which runs from the latest of:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.

Defendant took a direct appeal with codefendants Norris Mothersill, Errol Morrison, Egnatius Johnson, Patrick and Paul Howell, and Patricia Clarke.  The Eleventh Circuit affirmed on July 11, 1996, in a published opinion.  United States v.

---

[1] That was the date Defendant mailed his motion for certificate of appealability.  Doc. 1621.  The motion was denied as unnecessary, in the order advising Defendant of the limitations period and potential successive motion bar.  Doc. 1622.

Mothersill, 87 F.3d 1214 (11th Cir. 1996).  Defendant did not file a petition for writ of certiorari, so his conviction became final when the time to do so expired.  Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (if a petition is not filed, conviction becomes final when the 90 days for seeking certiorari expires).  Other defendants involved in the appeal filed petitions for writ of certiorari, the latest of which was denied on March 24, 1997.  520 U.S. 1151 (1997).  Commencing the time under clause (1) above, Defendant's § 2255 motion filed in 2004 would be untimely even if his conviction was not final until March 24, 1997.[2]

The critical issue, therefore, is whether the time commences from the date of finality under clause (1), or whether one of the later dates renewed the one year period.  There is no claim (nor is there any indication) of an unlawful impediment, or of any newly discovered facts.  The only other arguably applicable commencement date is that specified in clause (3), addressed ahead.

Defendant asserts as ground one of his amended motion that the court exceeded its jurisdiction in enhancing his sentence based on uncounseled juvenile convictions in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).  Doc. 1626, p. 3.  Specifically, "Morgan was awarded 3 criminal history points for juvenile delinquency adjudications.  Morgan was not afforded counsel during these proceedings neither did he waived [sic] his right to counsel."  Id.  According to the PSR, Defendant

---

[2] The undersigned noted with respect to Defendant Mothersill (who similarly did not file a petition for writ of certiorari) that the judgment became final for purposes of commencing the one year period on February 24, 1997, 90 days after a petition for rehearing filed by another defendant was denied.  Doc. 1236, pp. 3-4 (noting that if a party seeks rehearing, the 90 days for all parties runs from the denial of rehearing under S.Ct. Rule 13.1 and 13.3).

received one point each for three separate juvenile offenses, resulting in a criminal history score of three (criminal history category II).  ¶¶ 95-97, 99.  There is no mention in the PSR of whether or not he was represented by counsel or waived counsel.

Defendant asserts that ground one was not previously raised due to ineffective assistance of counsel at the federal sentencing.  Doc. 1626, p. 4.  Ineffective assistance of counsel is not a possible commencement date for the limitations period.  Indeed, a claim of ineffectiveness of counsel at *sentencing*, along with the Gideon claim as alleged here, arose before the judgment became final and could have been raised within one year from that date.   Long before Defendant's sentencing, the Supreme Court had determined that a conviction obtained without counsel or a waiver of counsel was unconstitutional and improperly relied upon in a federal sentencing.  *See* Burgett v. Texas, 389 U.S. 109, 114-115, 88 S.Ct. 258, 261-262, 19 L.Ed.2d 319 (1967) (holding that use of prior conviction, where there was no representation by counsel or waiver of counsel, could not be used for sentence enhancement under Gideon); United States v. Tucker, 404 U.S. 443, 449, 92 S.Ct. 589, 593, 30 L.Ed.2d 592 (1972) (citing Gideon and Burgett);[3] Custis v. United States, 511 U.S. 485, 493-496, 114 S.Ct. 1732, 1737-38, 128 L.Ed.2d 517 (1994) (discussing Gideon, and Burgett and Tucker, other citations

---

[3] Tucker was before the Court in the context of a § 2255 motion challenging the use of prior state convictions at trial and sentencing.  A state court had determined that defendant's 1938 and 1946 convictions were constitutionally invalid because uncounseled, with no advice of the right to counsel and no knowing waiver of counsel.  404 U.S. at 444-445, 92 S.Ct. at 590.  As noted in a footnote, the 1938 sentence was imposed when the defendant was a juvenile.  *Id.*, at 444, n. 1, 92 S.Ct. at 590, n. 1.  *See also* Lindsey v. Smith, 820 F.2d 1137, 1154 (11th Cir.1987), *cert. denied*, 489 U.S. 1059 (1989) (the argument was raised that because several of petitioner's juvenile convictions were uncounseled, his death sentence was invalid under Tucker, but the court did not need to decide whether this construction of Tucker was correct).

omitted) (holding that defendant may not challenge validity of prior conviction at federal sentencing, with exception of conviction obtained in violation of right to counsel); Daniels v. United States, 532 U.S. 374, 378-384, 121 S.Ct. 1578, 1582-84, 149 L.Ed.2d 590 (2001) (extending Custis rationale to § 2255 challenge; noting that "[a] defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.") (citations omitted).

Defendant does not assert, and there is no showing, that ground one is based on a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under clause (3).[4]  The motion, therefore, is untimely as to ground one.

Defendant asserts as § 2255 ground two that his offense was enhanced under the sentencing guidelines in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Doc. 1626, p. 3.  Defendant asserts that he received an increase to his offense level based on role in the offense, obstruction of justice, possession of a firearm, and drug quantity, factors which were not determined by the jury beyond a reasonable doubt.  *Id.*

Defendant asserts that ground two was never previously raised because based on recent rulings of the Supreme Court.  Doc. 1626, p. 4.  Defendant's claim is based on

---

[4] Defendant asserts, as addressed separately, that ground two was not previously raised as it is based on Blakely and Booker.  Though Defendant does not base ground one on the same legal rationale, it is noted that the line of cases culminating in Booker left undisturbed Supreme Court precedent that excluded prior convictions.  See United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005) (even after Booker, "recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt.") (citations omitted).

Case Nos. 4:92cr4013-WS and 4:04cv382-WS/WCS

Blakely and United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (decided after Defendant's amended § 2255 motion was filed, applying Blakely to the Federal Sentencing Guidelines).  These in turn were extensions of the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[5]  See also, Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

A Blakely or Booker claim does not commence from the later date under clause (3) for claims based on a right "newly recognized" by the Supreme Court, however, as the right has not been "made retroactively applicable to cases on collateral review." Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (Apprendi does not apply retroactively on collateral review).[6]

Defendant asserts as ground three that the Government presented hearsay in violation of Crawford v. Washington, 541 U.S. 36,  124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).  Doc. 1626, p. 4.  He asserts that "the Government presented testimonial statements of several witnesses who although available, was [sic] not called to testify by

---

[5] In Apprendi, the Court "confirm[ed] the opinion that we expressed in [Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)].  Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.

[6] *See also* Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (agreeing with the Sixth, Seventh, Tenth, and Eleventh Circuits that Booker is not retroactive) (citing Varela, other citations omitted); Lloyd v. United States, 407 F.3d 608, 615-616 (3d Cir. 2005) (joining the other circuits, collecting cases).

the Government." *Id.* Like ground two, Defendant asserts that ground three was never previously raised because based on recent rulings of the Supreme Court. *Id.*

In Crawford, the Court held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68, 124 S.Ct. at 1374. While not defining "testimonial," the Court said the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.*

Defendant does not identify by name the "several" witnesses whose testimonial statements were allegedly presented in violation of Crawford, or describe the substance of the testimonial statements. The claim is therefore insufficient on its face. But even if properly supported, the Crawford claim is untimely for the same reason set forth regarding the Booker claim. It is not a "newly recognized" right which has also been "made retroactively applicable to cases on collateral review" for purposes of commencing the period under clause (3). *See* Brown v. Uphoff, 381 F.3d 1219, 1226-27 (10th Cir. 2004) (Crawford announced a new rule which does not apply retroactively under Teague), *cert. denied*, 125 S.Ct. 940 (2005); Mungo v. Duncan, 393 F.3d 327, 335-336 and n. 8 (2d Cir. 2004) (same, noting Uphoff), *cert. denied*, 125 S.Ct. 1936 (2005); Bintz v. Bertrand, 403 F.3d 859, 865, 866-867 and n. 5 (7th Cir. 2005) (same, noting Brown and Mungo); Evans v. Luebbers, 371 F.3d 438, 444-45 (8th Cir. 2004) (noting that Crawford did not appear to apply retroactively, but even if it did it did not apply to that case), *cert. denied*, 125 S.Ct. 902 (2005). *But see* Bockting v. Bayer, 399 F.3d 1010, 1020-21 (9th Cir. ) (finding, contrary to Uphoff and Mungo, that Crawford

applies retroactively), *opinion amended on denial of petition for panel rehearing* 408 F.3d 1127 (9th Cir. June 1, 2005) (noting there that a petition for rehearing en banc remained pending); Lave v. Dretke, __ F.3d __, 2005 WL 1581090 at *4 (5th Cir. July 7, 2005) (noting that the Fifth Circuit had not yet decided the retroactivity of Crawford, the circuits were in conflict and so reasonable jurists could debate the issue, granting a certificate of appealability) (collecting cases).[7]

The limitations period is one year. As none of Defendant's claims restarts the one year period from a date later than that on which the judgment of conviction became final, the entire § 2255 proceeding is untimely.

It is therefore respectfully **RECOMMENDED** that Defendant Morgan's amended § 2255 motion, doc. 1626, **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2005.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[7] Should this recommendation be adopted and Defendant seek a certificate of appealability on this point, however, he would have to set forth facts (including but not limited to a description of each testimonial statement at issue) to show that Crawford would even apply here.

Case Nos. 4:92cr4013-WS and 4:04cv382-WS/WCS