# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

v.                                                     Case No. 4:92cr4013-WS
                                                        Case No. 4:09cv408-WS/WCS

**MICHAEL MORGAN,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION TO DISMISS MOTION

Defendant Morgan filed submitted an "Appeal Motion Pursuant [to] Section 3742," claiming his sentence was imposed in violation of the United States Sentencing Guidelines Manual, and in violation of the Constitution. Doc. 1918 and supporting affidavit.[1]

Review on appeal of a sentence is governed by 18 U.S.C. § 3742, but Defendant took an appeal many years ago. United States v. Mothersill, 87 F.3d 1214 (11th Cir. 1996). Defendant's request for relief from his sentence arises under the plain language of 28 U.S.C. § 2255, which provides a remedy by motion for a federal inmate "claiming the right to be released upon the ground that the sentence was imposed in violation of

---

[1] The clerk docketed the affidavit first, followed by the motion. Doc. 1918 pp. 1-8 and 9-13, respectively, in ECF) (Electronic Case Filing). The "affidavit" is not a statement of facts based on personal knowledge, but argues Defendant's case. The composite document (motion with affidavit) was filed as a 28 U.S.C. § 2255 motion and assigned a civil case number.

the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." See Antonelli v. Warden, 542 F.3d 1348, 1351, n. 1 (11th Cir. 2008) (noting it "clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.") (citing § 2255(e) and Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).[2]

Defendant Morgan already filed a § 2255 motion. Doc. 1623, amended by doc. 1626. This was after he had been advised that, if he filed a § 2255 motion, later motions could be subject to limitations on successive motions and that there was a one year limitations period for filing a § 2255 motion. Doc. 1622. His § 2255 motion was summarily dismissed as untimely. Docs. 1634 (report and recommendation, 1642 (order adopting recommendation) and 1643 (judgment entered on the docket on August 22, 2005). The ruling was affirmed on appeal. Doc. 1724.

Dismissal of the prior § 2255 motion as untimely renders this a successive motion. See, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied,* 542 U.S. 928 (2004) (collecting cases; finding "unlike cases where a habeas or

---

[2] A person authorized to seek § 2255 relief may not obtain federal habeas relief unless the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255(e). Wofford did not decide whether this "savings clause" language would allow habeas petitions raising sentencing claims, finding it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." 177 F.3d at 1245; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008) (quoting Wofford with added emphasis, also not deciding the issue).

§ 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005) (applying Villanueva rationale in § 2254 context); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").[3]

Defendant must obtain authorization from the Eleventh Circuit Court of Appeals before filing a second or successive § 2255 motion. § 2255(h) (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

---

[3] *Compare* Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) (dismissal as untimely generally is considered on the merits and bars relitigation, but where previous § 2254 petition was dismissed *expressly* without prejudice as untimely, the petitioner "may have been lulled into thinking he didn't have to appeal" the dismissal) (also noting "[t]he situation would be different had the judge dismissed the first case without indicating whether the dismissal was with or without prejudice, for then we would have no choice but to characterize the dismissal ourselves."). This court did not specify that the dismissal was without prejudice, and Defendant took an appeal.

It is therefore respectfully **RECOMMENDED** that Defendant Morgan's appeal motion (doc. 1918) be **SUMMARILY DISMISSED** as an attempt to file an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on December 23, 2009.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**