IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

vs.                                      Case No. 4:92cr4013-WS
                                         Case No. 4:13cv307-WS/CAS

MICHAEL MORGAN,

      Defendant.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

On November 7, 2011, Defendant Michael Morgan, proceeding pro se, filed one document containing a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255, seeking relief pursuant to DePierre v. United States, – U.S. –, 131 S.Ct. 2225 (2011), and a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Docs. 1991, 2064. By order dated December 19, 2011, Senior United States District Judge William Stafford denied the motion (Doc. 1991) to the extent Defendant sought a § 3582(c)(2) sentence reduction. Doc. 2007. That order referred the motion (Docs. 1991 and 2064) to the U.S. Magistrate Judge to the extent Defendant seeks relief pursuant to § 2255. Doc. 2007.

The Government filed a motion to dismiss the § 2255 motion. Doc. 1997. The Government argues the § 2255 motion is untimely. *Id*.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing the record, the undersigned concludes the Court lacks jurisdiction to entertain Defendant's § 2255 motion.

Defendant has previously sought relief under § 2255. *See* Docs. 1623 (§ 2255 motion), 1626 (amendment). His first § 2255 motion was dismissed as untimely. See 1634 (report and recommendation to deny § 2255 as untimely), 1642 (order adopting recommendation and dismissing § 2255 motion), 1643 (judgment entered on docket August 22, 2005). Defendant appealed and the Eleventh Circuit Court of Appeals affirmed. See Doc. 1724. Defendant then tried again to obtain relief and that motion was summarily dismissed as an attempt to file an unauthorized second or successive § 2255 motion. *See* Doc. 1918 (motion), 1929 (report and recommendation to dismiss § 2255 as attempt to file unauthorized second § 2255 motion), 1945 (order adopting report and recommendation and summarily dismissing motion), 1946 (judgment summarily dismissing motion).

As Defendant has been previously informed, before filing a second or successive application for § 2255 relief in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Case Nos. 4:92cr4013-WS and 4:13cv307-WS/CAS

28 U.S.C. §§ 2244(b)(3), 2255(h).  *See* Doc. 1929; *see, e.g.,* Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.  Indeed, notably, the Eleventh Circuit recently denied Defendant's application for leave to file a second or successive § 2255 motion, which raised an argument based on Miller v. Alabama, – U.S. –, 132 S.Ct. 2455 (2012), explaining that Miller established a new rule of constitutional law but that decision has not been made retroactive on collateral review.  In re: Morgan, No. 13-11175-D, – F.3d –, 2013 WL 1499498, 24 Fla. L. Weekly Fed. C. 201 (11th Cir. Apr. 12, 2013).

Based on the foregoing, the Government's motion to dismiss should be granted. The instant § 2255 motion should be summarily dismissed.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The Government's motion to dismiss (Doc. 1997) be **GRANTED**, and Defendant's motion pursuant to 28 U.S.C. § 2255 (Docs. 1991 and 2064) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2013.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**